UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re:<br><br>Vivian Schmidt<br><br>                Debtor. | **NOTICE OF MOTION FOR**<br>**TERMINATION OF AUTOMATIC STAY**<br><br>Case No.: 18-11618-smb<br>(Chapter 7)<br><br>Assigned to:<br>Hon. Stuart M. Bernstein<br>Bankruptcy Judge |

Please take notice that Nationstar Mortgage LLC d/b/a Mr. Cooper as servicing agent for U.S. Bank National Association, not in its individual capacity but solely as Trustee NRZ Pass-Through Trust X, a secured creditor of Debtor, by the undersigned attorneys, will move this Court on February 7, 2019 at 10:00 a.m. or as soon thereafter as counsel can be heard, at the United States Bankruptcy Court, One Bowling Green, 6th Floor, New York, NY 10004 for an Order pursuant to 11 U.S.C. §362(d)(1) and 11 U.S.C. §362(d)(2) terminating the automatic stay as to movant's interest in real property commonly known as 384 Hawthorne Avenue, Yonkers, NY 10705 and for such other relief as the Court may deem proper.

DATED:   January 9, 2019
                Williamsville, New York

                                                  Yours,

                                                  By: _____
                                                        Courtney R Williams, Esq.
                                                        GROSS POLOWY, LLC
                                                        Attorneys for Secured Creditor
                                                        Nationstar Mortgage LLC d/b/a Mr. Cooper as
                                                        servicing agent for U.S. Bank National
                                                        Association, not in its individual capacity but
                                                        solely as Trustee NRZ Pass-Through Trust X
                                                        1775 Wehrle Drive, Suite 100
                                                        Williamsville, NY 14221
                                                        Telephone (716)204-1700

TO:

| | |
|---|---|
| Vivian Schmidt<br>735 Kappock Street Apt 4D<br>Bronx, NY 10463 | Debtor |
| Christopher L. Esposito, Esq.<br>269 West 231st Street<br>Bronx, NY 10463 | Attorney for Debtor |
| Deborah J. Piazza, Esq.<br>1350 Broadway<br>11th Floor<br>New York, NY 10018 | Chapter 7 Trustee |
| United States Trustee<br>Office of the United States Trustee<br>U.S. Federal Office Building<br>201 Varick Street, Room 1006<br>New York, NY 10014 | U.S. Trustee |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In Re:<br><br>Vivian Schmidt<br>           Debtor. | **AFFIRMATION**<br><br>Case No.: 18-11618-smb<br>(Chapter 7)<br><br>Assigned to:<br>Hon Stuart M. Bernstein<br>Bankruptcy Judge |

      I, Courtney R Williams, Esq., am an attorney duly licensed to practice law in the Courts of this State and in the United States Bankruptcy Court for the Southern District of New York and hereby state as follows:

      1.    I submit the within Affirmation under penalty of perjury in support of the motion of Nationstar Mortgage LLC d/b/a Mr. Cooper as servicing agent for U.S. Bank National Association, not in its individual capacity but solely as Trustee NRZ Pass-Through Trust X ("Secured Creditor"), a Secured Creditor of the above-referenced Debtor, to terminate the automatic stay in this case with respect to the real property commonly known as 384 Hawthorne Avenue, Yonkers, NY 10705.

      2.    Secured Creditor is the holder of a note executed by Vivian Schmidt on or about the 15th day of March, 2005 in the principal amount of $356,250.00 and interest (the "Note"), secured by a mortgage bearing even date therewith, which is recorded in the Office of the Westchester County Clerk on the 23rd day of June, 2005 in Control Number 451610343 (the "Mortgage") covering the premises commonly known as 384 Hawthorne Avenue, Yonkers, NY 10705 (the "Mortgaged Premises"). A copy of the Note, Mortgage and Assignment, and Loan Modification is annexed hereto as **Exhibit 'A'**.

      3.    On the 29th day of May, 2018 Debtor Vivian Schmidt filed a Petition under Chapter 7 of Title 11 U.S.C. §101 et seq with this Court, and an Order for relief was duly entered.

4. The Note and Mortgage provide that the Debtor will be in default if they do not make full monthly payments on each due date. As of December 17, 2018, the Debtor is due for 56 payments in the amount of $1,662.65 each for the months of February 1, 2013 to September 1, 2017, 7 payments in the amount of $1,804.09 each for the months of October 1, 2017 to April 1, 2018, 2 payments in the amount of $3,499.34 each for the months of May 1, 2018 to June 1, 2018 and 3 payments in the amount of $5,930.81 each for the months of July 1, 2018 to September 1, 2018 and 3 payments in the amount of 6,019.86 due for each the months of October 1, 2018 to December 1, 2018 has not cured said default. Furthermore, 1 payment due January 1, 2019 is now due and 1 payment due February 1, 2019 will be due at the date this motion is heard. A Motion for Relief from Stay Worksheet is attached hereto as **Exhibit 'B'**.

5. As of the 17th day of December, 2018, there is a total indebtedness on the Note and Mortgage in the sum of $452,016.48. Interest on the unpaid principal balance will continue to accrue, and to protect its security in the Mortgaged Premises Secured Creditor may be required to make advances for property taxes, insurance and related matters.

6. Based on the Debtor's Schedules attached hereto as **Exhibit 'C'**, said real property is valued at $350,000.00. Based on the Secured Creditor's lien amount and the value of the Mortgaged Premises, there is no equity in the premises.

7. Section 362(d)(1) of the Bankruptcy Code provides in pertinent part that the Court shall grant relief from the stay imposed by Section 362(a) "for cause, including lack of adequate protection of an interest in property..." As set forth above, cause exists to vacate the automatic stay as the Debtor has failed to make monthly mortgage payments to Secured Creditor.

8. Furthermore, Section 362(d)(2) of the Bankruptcy Code provides in pertinent part that the Court shall grant relief from stay imposed by Section 362(a) if "(A) the debtor does not have equity in such property; and (B) such property is not necessary to an effective reorganization." See, 11 U.S.C. § 362(d)(2)(A)-(B). Therefore, the Secured Creditor is entitled to relief pursuant to 11 U.S.C. § 362(d)(2) as there exists no equity in the Premises after costs of sale. The Secured Creditor submits that the Mortgaged Premises are not necessary for the effective reorganization of the Debtor as the instant case is a Chapter 7 liquidation case.

9. The Debtor's Statement of Intention attached hereto as Exhibit 'D' indicated the Debtor's intent to surrender the Mortgaged Premises.

10. A copy of a proposed Order granting the relief sought by Secured Creditor is annexed hereto as **Exhibit 'E'**.

11. In the event that this motion is scheduled to be heard beyond the time-period set forth in 11 U.S.C. Section 362(e) or is subsequently adjourned beyond said time period, Secured Creditor hereby waives its rights under 11 U.S.C. Section 362(e) and agrees to be bound by the Order of the Court on the instant Motion.

12. No prior application has been made for the relief requested herein.

[SPACE INTENTIONALLY LEFT BLANK]

**WHEREFORE**, Secured Creditor respectfully requests that an Order be granted terminating the automatic stay immediately as to Secured Creditor's interest in the Mortgaged Premises together with such other, further and different relief as the Court may deem just in this matter.

DATED:   January 9, 2019
              Williamsville, New York

Yours,

By: _____
Courtney R Williams, Esq.
GROSS POLOWY, LLC
Attorneys for Secured Creditor
Nationstar Mortgage LLC d/b/a Mr. Cooper as servicing agent for U.S. Bank National Association, not in its individual capacity but solely as Trustee NRZ
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221
Telephone (716)204-1700